UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSA M. ALEMAN MARTINEZ<br><br>    Plaintiff<br><br>vs.<br><br>PUERTO RICO FEDERAL AFFAIRS ADMINISTRATION, MR. EDUARDO BATHIA GAUTIER, HIS WIFE JANE DOE AND THEIR RESPECTIVE CONJUGAL SOCIETY/PARTNERSHIP, JORGE PACHON, HIS WIFE MARY JOE AND THEIR RESPECTIVE CONJUGAL SOCIETY/PARTNERSHIP AND ANA CARRION, HER HUSBAND JOHN DOE AND THEIR RESPECTIVE CONJUGAL SOCIETY/PARTNERSHIP.<br><br>    Defendants | CIVIL CASE NO.  07-1205 (JAF)<br><br>DEMAND FOR JURY TRIAL |

AMENDED COMPLAINT

TO THE HONORABLE COURT

   Comes now the above captioned plaintiff, Rosa Aleman-Martinez, by and through the undersigned counsel and most respectfully states, alleges and prays:

I. NATURE OF THE ACTION

1.   This is a civil action brought by Plaintiff against Defendants seeking interalia, injunctive relief, compensatory and punitive damages for the violation and

1

deprivation of Plaintiff's constitutional rights. Briefly, Plaintiff, worked as employee of the Puerto Rico Federal Affairs Administration, herein referred as to the P.R.F.A.A. Plaintiff was subjected to discriminatory actions by Defendants in violation of the Constitution of the United States and the Commonwealth of Puerto Rico, as well as other Commonwealth and United States applicable statutes.

2. Plaintiff seeks redress for the violation on the part of defendants of her constitutional and legal rights to due process and the equal protection of the law as is secured and guaranteed to her by virtue of the Fifth and Fourteenth Amendments to the Bill of Rights of the Constitution of the United States as well as by Article II, Sections 1, 6 and 7 of the Constitution of the Commonwealth of Puerto Rico and other local statutes.

3. On Febraury 16, 2007 the U.S. Equal Employment Opportunity Commission, Washington Field Office, issued Plaintiff the Notice of Right to Sue.

## II. JURISDICTION

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343(a)(1)(2)(3) and (4), 28 U.S.C. Section 1367, 42 U.S.C. Section 1983, the Fifth, Seventh and Fourteenth Amendments to the Bill of Rights of the Constitution of the United States and Tittle VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 e-2.

5. The Supplemental jurisdiction of this Court arises from Act No. 100 of June 30, 1959, 29  P.R.L.A. Sec. 146, and Secs. 1, 4, 6, and 7 of Article II of the

Constitution of the Commonwealth of Puerto Rico, Article 1802 of the Puerto Rico Civil Code (31 P.R.L.A. Sec. 5141), Act No. 17 of April 22, 1988, 29 P.R.L.A. § 155 et al as well as others substantive provisions of law.

### III. PARTIES

6. Plaintiff Rosa Aleman-Martinez is of legal age, resident of the state of Maryland and a citizen of the United States.

7. At all relevant times stated in the amended complaint Plaintiff was an employee of co-defendant Puerto Rico Federal Affairs Administration. The latter is a government entity/ instrumentality created by virtue of Act. No. 77 of June 19, 1979, as amended. Its purpose is that of inter alia, representing the government of the Commonwealth of Puerto Rico before the government of the United States as well as before that of the several states. The government instrumentality is headquartered in Washington, D.C.

8. Defendant Eduardo Bhatia-Gautier, is of legal age, married and at all relevant times stated in this amended complaint has served and serves in the capacity of Executive Director of the Puerto Rico Federal Affairs Administration. He is sued in his individual as well as in his official capacity. His wife Jane Doe, is joined as a defendant as they have a conjugal society/partnership constituted between them.

9. Defendant Eduardo Bhatia Gautier as Executive Director of the government instrumentality is charged with, among others, the formulation development and implementation of public policy as directed or mandated by the Government of the

3

Commonwealth of Puerto rico.

10. Defendant Jorge Pachon, is of legal age, married and at relevant times stated in this amended complaint has served and serves as the Chief Financial Officer of the Puerto Rico Federal Affairs Administration. At all relevant times stated herein co-defendant Jorge Pachon acted under color of state law and as plaintiffs supervisor. As the Chief Financial Officer, Mr. Pachón reports directly to the Executive Director. He is sued in his individual as well as in his official capacity. His wife Mary Joe, is joined as a defendant as they have a conjugal society/partnership constituted between them.

11. Co-defendant Ana Carrion is of legal age, on information and belief married and serves as the Deputy Director of the Puerto Rico Federal Affairs Administration. At all times relevant in this amended complaint co-defendant Carrión served and continues to serve in the aforementioned position. As Deputy Director of the government instrumentality co-defendant Carrion reports directly to the Executive Director. At all relevant times stated herein co-defendant Ana Carrion acted under color of state law. Co-defendant Carrión is sued in her individual as well as in her official capacity. Her husband John Doe, is joined as a defendant as they have a conjugal society/partnership constituted between them.

12. Defendants were at all relevant times acting under color of the law of the Commonwealth of Puerto Rico. All of the defendants named herein are sued in their individual as well as official capacity.

## IV. FACTS

13. On Or about August, 1986 plaintiff began to work for the Puerto Rico Federal Affairs Administration, hereinafter referred to as "PRFAA", in a clerical position. In the same year, she was promoted to the position of Administrative Secretary. On April 1st, 1992, plaintiff was promoted to the position of Accounts Officer II. On June 1st, 2000 plaintiff was promoted to the position of Director of Finance. None of the positions, titles or appointment held by plaintiff were positions of trust or of a confidential nature, rather she was a regular public career employee.

14. On September 1st, 2005 defendant Jorge Pachon, Chief Financial Officer, was appointed as plaintiff's supervisor.

15. Plaintiff's position as Director of Finance did not involve anything having to do either with the formulation and/or implementation of public policy. Thus, at all times relevant to this amended complaint, the plaintiff was occupying a regular permanent position when she was terminated and has a proprietary right over her position.

16. Since on or about November 2005, and while under the direct supervision of P.R.F.A.A.'s Chief Financial Officer, Jorge Pachon, the plaintiff was subjected to unwarranted and unwelcome sexual advances. The conduct consisted of commentaries, remarks, innuendos, expressions, and unwelcome looks and advances toward her person with sexual connotations and overtones. As consequence thereof, an overtly hostile, offensive, abusive sexual environment was created. Defendant

    Pachon consistently called the plaintiff to his office asking to place her chair closely to him, making commentaries such as "what beautiful nails you have", "what a lovely colored blouse you are wearing", and "you look very pretty today".  Then, he would cast his eyes at plaintiff's breasts gazing at them.   In Febraury 2006, the plaintiff entered to Mr. Pachon's office to deliver some documents.  Thinking he would not make any commentary as he was on the phone, the plaintiff entered and he placed the call on hold stating: "wait a moment someone who smells really rich just walked in".   The commentaries and remarks plaintiff was subjected to were unwarranted, unwelcome and outside the scope of her employment.

17. Throughout the course of the following weeks, the plaintiff avoided entering Mr. Pachon's office and left her daily work at his "in box" when he was not present.

18. In response to plaintiff's rejection and dislike of the aforementioned behavior, her work and performance was subjected to needless monitoring, scrutiny and eventually some of her job duties were reassigned to co-workers without following the proper procedures.  In retaliation, she was terminated.

19. On March 13, 2006, at a meeting with Mrs. Christine McLean, P.R.F.A.A.'S Legal Director, and Ms. Ana Carrion, Deputy Director, the plaintiff was given a letter of termination signed by the Executive Director Eduardo Bhatia.

20. Plaintiff's termination violated her substantive and procedural due process rights as secured and guaranteed to her by the Constitution of the United States, laws enacted pursuant thereto as well as those from the Commonwealth of Puerto Rico and the

agency's rules, regulations and several state laws. Plaintiff had a fundamental property interest . Namely a proprietary interest in being reinstated in either her clerical, secretarial position, or as an Accounts Officer II. The reinstatement was mandated by statute as well as by case law and the agency failed to do so. Moreover, her termination failed to follow a lay off plan. In addition, P.R.F.A.A. failed to apprise Plaintiff with the minimum thirty (30) days notice for termination of her employment and to afford plaintiff an informal hearing. All actions and decisions implemented against Plaintiff are contrary to applicable law and, in consequence, thereof, are null and void. Therefore, Plaintiff is entitled as a matter of right to be re-instated to her regular career position.

21. Defendants have violated Plaintiff's constitutional right to the equal protection of the laws in that the agency's by-laws and regulations as particularly applied to her, created an inherently suspect classification resulting in disparate unequal treatment (the targeted suspects of the class). She was intentionally treated differently from others similarly situated and with malicious bad faith with the intent to injury her. As a woman, she was arbitrarily treated by officers of the Commonwealth of Puerto Rico and terminated.

22. At all times relevant to the causes of action recited in this amended complaint, co-defendants, whilst acting in their official capacity and under color of law caused, created, maintained, failed to correct and/or eliminate the facts and circumstances giving rise to the harms needlessly and unlawfully visited upon plaintiff. More

particularly, when plaintiff complained of the acts committed against her person to the entity no corrective measures were implemented. Acting in concert, the instrumentality's officers Eduardo Bhatia Gautier, Jorge Pachon and Ana Carrion without any consideration to her rights, terminated Plaintiff from her position via letter of termination on March 13, 2006.

## V.  LIABILITY

23. The facts alleged in the present amended complaint constitute violations of plaintiff's protected rights under the laws and Constitutions of the United States and the Commonwealth of Puerto Rico. Thus, defendants' conduct and actions are actionable under the aforementioned state and federal statutes.

24. Whether liability be predicated under specific state or federal laws, or more generally, under the Constitutions of that of United States or the Commonwealth of Puerto Rico, all the liability arises from a common nucleus of operative facts.

25. At all relevant times defendants acted under color of state or territorial law and there was a "state action involved".

26. Defendants are liable for the actions taken against the Plaintiff and the damages suffered by her.

## VI.  DAMAGES

27. The Plaintiff suffered emotional and economic damages as consequence of defendants' actions. She also suffered from anxiety, depression, emotional distress, humiliation and other related conditions.

## VII.  FIRST CAUSE OF ACTION
### (42 U.S.C. Sec. 1983)

28. Plaintiff re-alleges and incorporates by reference each and every preceding allegation.

29. In light of defendants' discriminatory conduct Plaintiff is entitled to a cause of action for deprivation of her rights, privileges and immunities as secured by the Constitution and laws of the United States pursuant to 42 U.S.C. Sec. 1983.

30. The Plaintiff is entitled to injunctive and equitable reliefs, compensatory and punitive damages for the mental anguish and emotional distress as well as the psychological damages suffered.  She is also entitled to receive back and front pay.

31. Plaintiff requests the amount of $1,000,000.00 for emotional damages and an amount not less than $500,000.00 for economic damages.

32. Plaintiff also requests punitive damages in the amount of $1,000000.00.

33. Plaintiff is also entitled to receive reinstallment to her duties and permanent position within the P.R.F.A.A.

## VIII.  SECOND CAUSE OF ACTION
### (Constitution of the United States)

34. Plaintiff re-alleges and incorporates by reference each and every preceding allegation.

35. The facts alleged in this amended complaint constitute violations of plaintiff's substantive and procedural protected rights under the Fifth and Fourteenth Amendments to the Bill of Rights of the Constitution of the United States.

36. As a result of defendant's actions, Plaintiff has suffered and is suffering great mental anguish, anxiety, humiliation, distress, economic loss and other related conditions.

37. The damages suffered by plaintiff are estimated in an amount not less than $1,000,000.00.

## IX.   THIRD CAUSE OF ACTION
(Act No. 100 of June 30, 1959 as amended, 29 P.R.L.A. Sec. 146 and other substantive provisions of law)

38. Plaintiff re-alleges and incorporates by reference each and every preceding allegation.

39. In light of defendants' action the Plaintiff is entitled to a cause of action pursuant to 29 P.R.L.A. Sec. 146 for having been discriminated because of her sex.

40. Defendants' actions caused emotional damages to plaintiff in the amount of $1,000,000.00 and an amount not less than $500,000.00 for economic loss.

41. Plaintiff is entitled to receive reinstallment to her regular duties and position and an equal amount of the damages awarded as a penalty for her employer's discriminatory actions.

## X.   FOURTH CAUSE OF ACTION
(Act No. 17 of April 22, 1988, 29 P.R.L.A. § 155 et al as well as others substantive provisions of law.)

42. Plaintiff re-alleges and incorporates by reference each and every preceding allegation.

43. In light of defendants' action the Plaintiff is entitled to a cause of action pursuant to 29 P.R.L.A. Sec. 155 for having been subjected to unwelcome sexual advances.

44. Defendants' actions caused emotional damages to plaintiff in the amount of $1,000,000.00 and an amount not less than $500,000.00 for economic loss.

45. Plaintiff is entitled to receive reinstallment to her regular duties and position and an equal amount of the damages awarded as a penalty for her employer's discriminatory actions.

## FIFTH CAUSE OF ACTION
(Tittle VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 e-2.)

46. Plaintiff re-alleges and incorporates by reference each and every preceding allegation.

47. In light of defendants' action Plaintiff is entitled to a cause of action pursuant to 42 U.S.C. § 2000 e-2 for having been subjected to unwelcome sexual advances and retaliation.

48. Defendants' actions caused emotional damages to plaintiff in the amount of $1,000,000.00 and an amount not less than $500,000.00 for economic loss.

49. Plaintiff is entitled to receive reinstallment to her regular duties and position and an equal amount of the damages awarded as a penalty for her employer's discriminatory actions.

## XII.  REQUEST FOR ATTORNEY FEES, INTERESTS AND LITIGATION COSTS.

50. Plaintiff requests attorney fees, interest and litigation associated costs.

## XIII.  REQUEST FOR JURY TRIAL

51. Plaintiff invokes her constitutional rights to a jury trial pursuant to the Seventh Amendment of the Bill of Rights.

WHEREFORE, it is respectfully prayed of this Honorable Court that it grant this

amended complaint and enter judgment in favor of plaintiff and against defendants, plus interest and further taxing defendant with costs, expenses and attorney's fees.

In San Juan, Puerto Rico, this April 26, 2007

                              s/ Arturo Luciano Delgado
                              USDC - PR 206306
                              Attorney for Plaintiff
                              Arturo Luciano Law Offices
                              1055 J.F. Kennedy Ave. PH Suite
                              San Juan, Puerto Rico  00920-1711
                              Tels. 782-08206 & Fax. 783-9056
                              E-mail. LucianoLawOffice@aol.com