IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSA M. ALEMÁN MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>PUERTO RICO FEDERAL AFFAIRS ADMINISTRATION, ET AL.,<br><br>Defendants. | CIVIL NO.  07-1205 (JAF) |

**DEFENDANTS' MOTION TO TRANSFER VENUE**

TO THE HONORABLE COURT:

**COME NOW** the Puerto Rico Federal Affairs Administration ("PRFAA"), Eduardo Bhatia Gautier in his personal and official capacity as Executive Director of PRFAA and the conjugal partnership formed by him and his wife, without submitting to this Court's jurisdiction and for purposes of this motion only, through the undersigned attorney, and respectfully aver and pray as follows:

**I.   Introduction**

1.   On April 26, 2007, plaintiff Rosa M. Alemán Martínez filed an Amended Complaint against all defendants in the instant case in this Honorable Court.  (Docket No. 2).

2.   Appearing defendants respectfully move this Court to transfer this lawsuit to the District Court of Washington, D.C. pursuant to 28 U.S.C. § 1404(a).  In support of their motion to transfer venue, defendants state as follows:

3.      First, plaintiff is a resident of the state of Maryland.  (Complaint ¶ 6).  She has no material connection with the Commonwealth of Puerto Rico.

4.      Second, all but one of the personal capacity defendants named in this lawsuit are working in Washington, D.C. and living either in or in close proximity to Washington, D.C.

5.      Third, the offices of PRFAA are located in Washington, D.C.

6.      Fourth, all of the documents, physical evidence and potential witnesses are also located in or in close proximity to Washington, D.C.

7.      Fifth, the events from which the instant complaint arose allegedly took place at PRFAA's headquarters in Washington, D.C.

8.      For all of the above stated reasons, the Commonwealth of Puerto Rico is an inconvenient forum to litigate plaintiff's claims.  Accordingly, this Court should transfer these proceedings to the District of Washington, D.C., a markedly more convenient venue for both plaintiff and defendants.

## II.    The standard for transfer pursuant to 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); See Bracero v. New Tree Personnel Services, Inc., 441 F. Supp. 2d 358 (D.C.P.R., 2006); NPR, Inc. v. American Intern. Ins. Co. of Puerto Rico, 2003 WL 231020 (D.C.P.R., 2003); Outek Caribbean Distributors, Inc. v. Echo, Inc., 2202 WL 1271337 (D.C.P.R. 2002); Miró González v. Avatar Realty, Inc., 177 F. Supp. 2d 101 (D.C.P.R., 2001); Coady v. Ashcraft & Gerel, 223 F. 3d 1 (1st Cir. 2000); Pujols v. Ser-Jobs for Progress Nat'l, Inc., No. 98-1348 (HL), 199 U.S. Dist. LEXIS 5532,

at *5 (D.P.R. Mar. 29, 1999). A district court has broad discretion when considering a motion to transfer. See <u>Cianbro Corp. v. Curran-Lavoie</u>, 814 F. 2d 7, 11 (1st Cir. 1987). The determination of whether to transfer is "fact-specific and will depend on the particular circumstances present in each case." <u>Motor Sport, Inc. v. Harley-Davidson Motor Co.</u>, 39 F. Supp. 2d 140 (D. Puerto Rico, 1999). A court must engage in a three-part inquiry in deciding whether to transfer a case from one judicial district to another: (1) convenience of the parties; (2) conveniences of the witnesses; and (3) relative ease of access to sources of proof. <u>Maxon Engineering Services, Inc.</u> 34 F. Supp. 2d 97 (D. Puerto Rico, 1998). In addition, the court must determine whether the case could have been properly brought in the proposed transferee court. See <u>Marel Corp. v. Encad Inc.</u>, 178 F. Supp. 2d 56 (D.C.P.R., 2001).

### III.  Venue would be proper in the District of Washington, D.C.

Since defendants Eduardo Bhatia Gautier and PRFAA reside in Washington, D.C., there should be no dispute that the Washington, D.C. court would have jurisdiction over this matter and that venue would be proper and convenient. 28 U.S.C. § 1391(b)(1) provides that where jurisdiction is not founded solely on diversity of citizenship, an action may be brought in a judicial district where any defendant resides.

### IV.  The balance of conveniences favors transfer to the District of Washington, D.C.

Where the transferee court has jurisdiction over the case, the Court must determine whether "the convenience of the parties and witnesses" and the "interest of justice" weigh in favor of transfer. See <u>NPR, Inc.</u>, *supra*. The burden is on the moving

3

party to "demonstrate that the proposed alternative forum is not only adequate, but that the factors supporting transfer predominate." <u>Coady</u>, 223 F. 3d at 11.

In deciding whether a transfer is warranted for the convenience of parties and witnesses, and in the interest of justice, courts have typically considered the following factors: "(1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." <u>IBM Corp. v. Fair Isaac Corp.</u>, No. 05 Civ 10296 (DLC), 2006 U.S. Dist. LEXIS 11949 at *3 (S.D.N.Y. Mar. 23, 2006); <u>see also</u> <u>Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.</u>, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (holding that transfer to a district where a related action was pending would serve the interest of justice and judicial economy where there was significant overlap in witnesses and documents between the two actions); <u>Ocean Walk Mall LLC v. Kornitzer</u>, No. 01 Civ. 213 (DLC), 2001 U.S. Dist. LEXIS 7447, at *4 (S.D.N.Y. June 11, 2001) (same).

In the instant case, all of the documents, physical evidence and potential witnesses are located in the Washington, D.C. area. Moreover, Washington D.C. borders the plaintiff's state of residence, Maryland, and as such is obviously much closer to the plaintiff than the Commonwealth of Puerto Rico. Thus, the balance of conveniences clearly favors transfer to the District of Washington, D.C.

V. **Convenience of the witnesses and parties**

The convenience of both party and non-party witnesses may be the single most important factor in the analysis of whether one forum is more appropriate than a competing forum. See Beckerman v. Heiman, No. 05 Civ. 5234, 2006 U.S. Dist. LEXIS 39685, at *11 (S.D.N.Y. June 16, 2006) (transferring the action to California where the convenience of parties and witnesses and the interests of justice weighed in favor of transfer); Columbia Pictures Indus., Inc. v. Fung, No. 06 Civ. 1471, 2006 U.S. Dist. LEXIS 58594, at *11 (S.D.N.Y. Aug. 18, 2006) (citations omitted).

All significant witnesses are expected to be employees or officers of the parties, all of whom work in Washington, D.C., and live in either Washington, D.C. or neighboring states. Thus, Washington, D.C. is a more convenient forum for them. In addition, transfer to Washington, D.C. would remove the burden of discovery in a distant jurisdiction. Therefore, the convenience of witnesses and the parties greatly weighs in favor of transferring the case to Washington, D.C.

VI. **Location of evidence**

The events from which the instant complaint arose allegedly took place at PRFAA's headquarters. Given that PRFAA's headquarters, and thus the documents and physical evidence, are located in Washington, D.C., the location of the evidence factor supports transfer to Washington, D.C. as well.

VII. **Location of operative facts**

The locus of operative facts, an important factor in a Section 1404(a) determination, does not support maintaining the present action in the Commonwealth of Puerto Rico. See Invivo Research, Inc. v. Magnetic Resonance Equipment Corp., 119

5

F. Supp. 2d 433, 439-40 (S.D.N.Y. 2000) (transferring the action to another district where the chosen forum had no material connection with the action). The operative facts that gave rise to this action occurred in Washington, D.C. Therefore, Washington, D.C. is a more convenient forum.

**VIII.   The relative means of the parties**

This factor does not favor maintaining the present action in the Commonwealth of Puerto Rico since there is no disparity of means between the parties. Beckerman, 2006 U.S. Dist. LEXIS 39685, at *23. However, since transfer would result in a far less costly litigation (and greater judicial economy), this factor should weigh in favor of transfer. As the parties are all located in the Washington, D.C. area, maintaining the present action in the Commonwealth of Puerto Rico will be more costly for all, including the Plaintiff.

**IX.    A forum's familiarity with the governing law**

District courts in the Commonwealth of Puerto Rico and Washington, D.C. are equally equipped to decide sexual harassment claims under federal law. See Beckerman, 2006 U.S. Dist. LEXIS 39685, at *25 (federal courts are equally capable of adjudicating federal claims).

**X.     Plaintiff's choice of forum**

In IBM Corp., *supra*, the Court stated that plaintiff's choice of forum is generally entitled to considerable weight unless the balance of factors weighs strongly in favor the defendant. Other courts have also found that this factor is given less weight where, as here, the case's operative facts have little connection with the chosen forum, for instance

6

where the chosen forum is neither the plaintiff's home nor the place where the cause of action arose.  See Schneider v. H.A. Sears, 265 F. Supp. 257, 266-67 (S.D.N.Y. 1967).

Therefore, plaintiff's choice of forum should be given little, if any, weight in this determination since she is not a resident of the Commonwealth of Puerto Rico and has no connections to the Commonwealth of Puerto Rico.

## XI. Judicial efficiency and the interests of justice

Judicial efficiency and the interests of justice greatly support transfer to the District of Washington, D.C.  In the instant case, the plaintiff, all but one named defendant, all likely witnesses, and all documents and other evidence are located in or in close proximity to Washington, D.C.  Thus, pretrial discovery can be conducted in Washington, D.C. more efficiently than in Puerto Rico and the witnesses, as well as the Plaintiff, can save time and money, both with respect to pretrial and trial proceedings, thereby eliminating unnecessary expenses to the parties and at the same time serving the public interest.  See General Electric Co. v. FTC, 411 F. Supp. 1004, 1011 (N.D.N.Y. 1976) (granting transfer motion to "promote the speedy and efficient determination of the issues of this litigation . . . . ").  Therefore, judicial efficiency and the interest of justice strongly support transfer to Washington, D.C.

## XII. Conclusion

The balance of conveniences support transfer to Washington, D.C.  Notwithstanding the weight accorded to plaintiff's choice of forum, the present circumstances mandate that this case be transferred to the district of Washington, D.C.

**WHEREFORE**, defendants respectfully request that in light of all of the aforementioned arguments the Court grant their Motion to Transfer Venue and enter an order transferring the present case to the District of Washington, D.C.

**I HEREBY CERTIFY** that on this date I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system, which will send a notification of such filing to the following: Arturo Luciano Delgado, Esq., 1055 J.F. Kennedy Ave., PH. 2A, San Juan, Puerto Rico, 00920.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 5th day of July, 2007.

**ROBERTO SÁNCHEZ RAMOS**
Secretary of Justice

**VIVIAN GONZÁLEZ MÉNDEZ**
Deputy Secretary of Justice
In Charge of Litigation

**VANESA VICÉNS SÁNCHEZ**
U.S.D.C. No. 217807
Director of Legal Affairs
General Litigation Office
Unit 1
vvicens@justicia.gobierno.pr

**S/ Iris Alicia Martínez Juarbe**
**IRIS ALICIA MARTÍNEZ JUARBE**
U.S.D.C. No. 216505
General Litigation Office
Unit 1
Department of Justice
P.O. Box 9020192
San Juan, P.R., 00902-0192
Tel. (787) 721-2900, ext. 2243
Fax (787) 725-2475
imartinez@justicia.gobierno.pr