UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSA M. ALEMAN MARTINEZ<br><br>Plaintiff<br><br>vs.<br><br>PUERTO RICO FEDERAL AFFAIRS ADMINISTRATION, et al<br><br>Defendants | CIVIL CASE NO. 07-1205 (JAF)<br><br>DEMAND FOR JURY TRIAL |

**OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

TO THE HONORABLE COURT :

Comes now the above captioned plaintiff, Rosa M. Aleman Martinez, by and through the undersigned counsel and most respectfully states, alleges and prays:

### I. BACKGROUND

On July 6, 2007 codefendant the Puerto Rico Federal Affairs Administration (PRFAA), Eduardo Bhatia Gautier in his personal and official capacity as Executive Director of PRFAA and the conjugal partnership constituted between him and his wife filed a petition for transfer of venue in the instant case. Codefendants argue this Court should transfer this lawsuit to the District of Washington, D.C. pursuant to 28 U.S.C. § 1404 (A).

The Puerto Rico District Court is the appropriate forum to litigate this case. Co-defendants have not comply with their burden of proof in convincing that the proposed transferee forum, the District of Washington, D.C., is more convenience to the parties and the witnesses, and that the interest of justice will

1

be better served in that court.

Venue is proper the District of Puerto Rico. This Court has jurisdiction over this matter and the venue is proper and convenient. Further, the balance of conveniences militates against the transfer to the District of Washington, D.C. Movants have failed to demonstrate that the proposed alternative forum is not only adequate, but that the factors supporting transfer predominate. Coady v. Ashcraft & Gerel, 223 F 3d 1 ( 1st Cir. 2000) ("The burden of proof as to venue rest with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice of forum") See also 28 U.S.C.A. § 1404 (a).

## II. THE STANDARD FOR TRANSFER

Section 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Federal law, specifically 28 U.S.C. § 1404(a), governs a district court's decision of whether to give effect to parties' forum-selection clause and transfer a case to the court specified in the clause. Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 32, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." Id. at 29, 108 S.Ct. 2239 (citing Van Dusen v. Barrack, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). A motion to transfer under section 1404(a) calls on the district court to balance a number of case-specific factors. Stewart, 487 U.S. at 29, 108 S.Ct. 2239. These are: (1) convenience of the parties; (2) the convenience

of the witnesses; and (3) the relative ease of access to sources of proof. Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir.1987). The presence of a forum-selection clause is also a "significant factor that figures centrally in the district court's calculus." Stewart, 487 U.S. at 29, 108 S.Ct. 2239.

Under § 1404(a), a district court may transfer any civil action to any other district where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In addition to the convenience of parties and witnesses, the factors to be considered by the court include the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction. See Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987).

Determinations under § 1404(a) are fact-specific and will depend on the particular circumstances present in each case. Stewart Organization v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22, 31 (1988) (court must "weigh in the balance a number of case-specific factors.") In exercising its discretion under the provisions of the statute, the court should also take into consideration "the order in which jurisdiction was obtained by the district court, the availability of documents, and the possibilities of consolidation." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir.1987).

Factors to be considered by the district court in making its determination include the convenience of the parties and witnesses, the order in which jurisdiction was obtained by the district court, the availability of documents, and the possibilities of consolidation. Codex v. Milgo Elec. Corp., 553 F.2d 735, 737

(1st Cir.), cert. denied, 434 U.S. 860, 98 S.Ct. 185, 54 L. Ed.2d 133 (1977); 28 U.S.C. § 1404(a).

Since "transfer [according to § 1404(a)] must be to a jurisdiction where the action could have been brought in the first place", Reyes v. Supervisor of Drug Enforcement Admin., 834 F.2d 1093, 1095 (1st Cir.1987) the court will, as a threshold matter, inquire as to whether jurisdiction and venue are proper in the transferee court.

Defendant carries the burden of proof to convince the court that transfer is warranted. There is, however, "a strong presumption in favor of the plaintiff's choice of forum." Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir.2000).

In addition to the parties' choice of forum, issues of convenience and fairness must also be taken into consideration in ruling on a motion for transfer.

Section 1404(a) directs a district court to take account of factors other than those that bear solely on the parties' private ordering of their affairs. The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns come under the heading of "the interest of justice."  Stewart, 487 U.S. at 31, 108 S.Ct. at 2244, 101 L. Ed.2d at 32.

_____ "[A] defendant who has maintained a continuous and systematic linkage with the forum state brings himself within the general jurisdiction of that state's courts in respect to all matters, even those that are unrelated to the defendant's contacts with the forum." Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir.1999).

4

In deciding whether a transfer is warranted for the convenience of parties and witnesses, and in the interest of justice, courts have typically considered the following factors: (1) the convenience of witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances. Nematron, 30 F. Supp.2d at 400 (citing cases); accord Cavu Releasing, LLC. v. Fries, 419 F. Supp.2d 388, 394 (S.D.N.Y. 2005); EED Holdings v. Palmer Johnson Acquisition Corp., 387 F. Supp.2d 265, 282 (S.D.N.Y. 2004); APA Excelsior III L.P. v. Premiere Technologies, Inc., 49 F. Supp.2d 664, 667-68 (S.D.N.Y. 1999); Cento Group, S.p.A v. OroAmerica, Inc., 822 F.Supp. 1058, 1060 (S.D.N.Y. 1993)). "There is no rigid formula for balancing these factors and no single one of them is determinative. Instead, weighing the balance is essentially an equitable task left to the Court's discretion." Citigroup Inc. v. City Holding Co., 97 F. Supp.2d 549, 561 (S.D.N.Y. 2000) (citation and internal quotation marks omitted).

A motion to transfer venue requires a two-part inquiry: first, "whether the action to be transferred 'might have been brought' in the transferee court"; and second, whether "considering the 'convenience of parties and witnesses,' and the 'interest of justice,' a transfer is appropriate." Berman v. Informix Corp., 30 F. Supp.2d 653, 656 (S.D.N.Y. 1998) (internal citations omitted).

Convenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted." Berman, 30 F. Supp.2d at 657 (internal citations omitted). When weighing the convenience of the witnesses, "[A] court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide." Herbert Ltd. P'ship v. Elec. Arts Inc., 325 F. Supp.2d 282, 286 (S.D.N.Y. 2004); see also Millennium, L.P. v. Hyland Software, Inc., 2003 WL 22928644, (S.D.N.Y. Dec. 10, 2003).

The burden is on the movant to make a clear showing that the proposed transferee district is a more convenient one, and that the interests of justice would be better served by a trial there. Oil & Gas Ventures- First 1958 Fund, Ltd. v. Kung, 250 F.Supp. 744, 755 (S.D.N.Y. 1966); Peyser v. General Motors Corp., 158 F.Supp. 526, 529 (S.D.N.Y. 1958).

### III.    BALANCE OF FACTORS TO BE CONSIDERED

#### A.    The Convenience of Witnesses

This factor does not weighed in favor of transfer. Co-defendant's motion fail in identifying any potential fact witness currently working for PRFAA and/or residing near Washington, D.C. that will be presented at trial. It is of public knowledge that PRFAA had terminated the majority of its employees. Its motion does not identify any potential fact witness. Further, the discovery will not be burdensome to defendants' witnesses since the depositions of their witnesses can

be taken in their place of residence.

Movant "must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." Factors, 579 F. 2d at 218. This may be satisfied by "a very general dictation of *[the witness']* role in the transaction at issue, and thus by implication, of their testimony." Arrow Electronics, Inc. v. Ducommun, Inc., 724 F. Supp. 264-267 n. 1 (S.D.N.Y. 1989). General allegations as to the convenience of the witnesses do not meet the prong. Therefore, this factor militates against granting transfer.

B.   The Convenience of the Parties

Co-defendant Eduardo Bathia is what can act best be described as a temporary fashion, although temporarily resides in Washington, D.C., he constantly traveled to Puerto Rico as part of his alleges duties as PRFAA's director. Co-defendant Ana Carrión has relocated her place of residence to this jurisdiction and no longer works for PRFAA.[1] Any potential deposition will noT be affected by the place of residence of any party. On the other hand, this Court must consider that there can be no burden of discovery in regard to any production of documents or interrogatories to be notified. Acquiescing to defendants' proposition only visits in convenience with the added creation of a needless burden on actual or potential witnesses. There is no doubt that any related discovery can be provided by mail. Another consideration against the codefendants' contention is the fact that its own counsels are in Puerto Rico.

---

[1] This codefendant will be served once the summons issued against her be received by our office. The same were mailed to a legal services company located in Washington, D.C. but the plaintiff was informed that this defendant is currently working for the local government in Puerto Rico.

C.  The Location of Relevant Documents and The Relative Ease of Access to Sources of Proof

The case does not require of an entry upon land for inspection nor is expected that any physical evidence be presented at trial. Documentary evidence can be produce by mail.

The only relevant documentary evidence is essentially the plaintiff's personnel file. There is no reason to believe or assume that said file could not be forwarded by readily available normal commercial means. Accordingly, this factor weighs against transfer.

D.  The Locus of Operative Facts

PRFAA was created by a local act (Act. No. 77 of June 19, 1979, as amended.) PRFAA director reports directly to the Puerto Rico's governor office. The personnel actions taken against the plaintiff are governed by local laws. Thus, this district has material connection with the case been entertained. From the pleadings of the Amended Complaint it can be discerned that PRFAA acted following directives and following policies of the Puerto Rico government. It is well known that PRFAA operates with a budget approved by the local legislative and executive branch. In last instance, it will be the Puerto Rico government that will has the obligation to pay any judgment entered against the codefendants. Therefore, it can be assumed that the relevant operative facts did occur in this jurisdiction. It is expected that budgetary reasons be raised by PRFAA as a affirmative defense.

In essence, there is a material connection between this district and the operative facts. Therefore, this factor does no weigh in favor of transfer.

8

E. <u>The Availability of Process to Compel the Attendance of Unwilling Witnesses</u>

Co-defendants dismally fail to present any evidence that any of the non-party witnesses would be unavailable to testify or unwilling to travel to either Puerto Rico or Washington, D.C. Therefore, this factor cannot "tip the balance … in light of the option of videotaping testimony of witnesses unwilling to travel." Deal Time.com McNulty, 123 F. Supp. 2d, 750, 757; accord Citigroup Inc., 97 F. Supp. 2d at 561-62 ("the unavailability of process over third-party witnesses does not compel transfer when practical alternative of given witness exists"); Hernández v. Graebel Ban Lines, 761 F. Supp. 983, 989 (E.D.N.Y. 1991).

F. <u>The Relative Means of the Parties</u>

PRFAA vaguely argues that "since transfer would result in a far less costly litigation (and greater judicial economy), this factor should weigh in favor of transfer". Nonetheless, the cost of the litigation, whether the case is prosecuted in Washington, D.C. or the Commonwealth of Puerto Rico, will be similar. Expert witnesses' fees, and expenses associated with depositions are essentially similar. Further, it is premature to conclude the place in which every deposition will be taken and any related cost associated with each deposition. (i.e. – airline tickets). Defendant has not satisfied its quantum of evidence in this regard. The burden is on the movant to make a clear showing.

In any event, codefendants cannot argue that there is any disparity between the parties. Therefore, this factor will be accorded "little or no significance" absent a showing of disparity of means between plaintiff and defendants. See Hernández, 761 F. Supp. at 989.

Moreover, the movants have failed to given any specifics regarding its own financial situation. This factor is not strong when viewed in comparison with the other factors already discussed.

### G.     The Forum's Familiarity with the Governing Law

Co-defendants assert that the district court of the Commonwealth of Puerto Rico and Washington, D.C. are "equally equipped to decide sexual harassment claims under federal law." Co-defendants have not only missed the point but have lost the boat as well. Indeed, this district court is presumably more familiar with the law of this jurisdiction, specially with the state causes of actions invoked (Act. No. 100 of June 30, 1955, 29 PRLA § 146, as amended; Act. No. 17 of April 22, 1988, 29 PRLA § 155 et al, as amended, and the Constitution of the Commonwealth of Puerto Rico.) More importantly, the outcome of this case will be resolved according to local caselaw dealing with issues of violation of due process of law as well as equal protection of law in the public employment area because PRFAA's employees were at all times relevant to this complaint, employees of the government of Puerto Rico. See Amended Complaint at ¶ 20, 21, 23, 39 and 43.

### H.     The Weight Accorded the Plaintiff's Choice of Forum

District Courts, deciding transfer motions have noted that "[a] plaintiff choice of forum is generally entitled to considerable weight and should not be distributed unless the balance of the factors is strongly in favor of the defendant. Where the factors are equally balanced, the plaintiff is entitled to its choice." Berman v. Informix Corp., 30 F. Supp. 2d 653-659 (S.D.N.Y. 1998).

In the instant case, the plaintiff choice of forum was the District of Puerto Rico, among others, because the governing law emerged from this jurisdiction. Therefore, this factor is against transfer. As previously stated, PRFAA operated at all times relevant to this complaint, under the directive of the government of Puerto Rico. By virtue of law the funds needed for the operation of PRFAA emerge from the Puerto Rico annual budgets. See Act No. 77 of June 19, 1979, 3 P.R.L.A. § 1708.

> I.   <u>Trial Efficiency and the Interest of Justice, Based on the Totality of the Circumstances</u>.

It is incorrect to assert that pre-trial discovery can be conducted in Washington, D.C. more efficiently than in Puerto Rico. Also, the likely witnesses do not participate of the pre-trial process, except for the depositions. The parties will not save more time and money by litigating this case in Washington, D.C. Thus, nothing with respect to the interest of trial efficiency or justice weighs in favor of transferring this case.

## IV. CONCLUSION

Each of the relevant factors discussed clearly and essentially call against transfer. Furthermore, even if these factors are considered by this Court to be equally balanced, the plaintiff is entitled to "its choice" of forum. See Berman, 30 F. Supp. 2d at 659. The consideration of these factors do not outweighs the considerable weight to which the plaintiff's preference of forum is entitled. Therefore, movants' motion to transfer this lawsuit should be denied with costs assessed against them.

WHEREFORE, it is respectfully prayed of the Honorable Court deny, as

a matter of law, movants' motion for transfer.

In San Juan, Puerto Rico, this August 17, 2007.

I HEREBY CERTIFY that on even date, a true, correct and legible copy of the foregoing has been filed electronically with the Clerk of the Court via CM/ECF system which will send notification of such filing to the following attorneys: Iris Alicia Martinez-Juarbe imartinez@justicia.gobierno.pr, vvicens@justicia.gobierno.pr; irismartinezjuarbe@hotmail.com

        s/ Arturo Luciano Delgado
        USDC - PR 206306
        Attorney for Plaintiff
        Arturo Luciano Law Offices
        1055 J.F. Kennedy Ave. PH Suite
        San Juan, Puerto Rico 00920-1711
        Tels. 782-08206 & Fax. 783-9056
        E-mail. LucianoLawOffice@aol.com