IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSA M. ALEMÁN MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>PUERTO RICO FEDERAL AFFAIRS ADMINISTRATION, ET AL.,<br><br>Defendants. | CIVIL NO.  07-1205 (JAF) |

**MOTION TO DISMISS/LACK OF JURISDICTION
SPECIAL APPEARANCE ON BEHALF OF CO-DEFENDANTS JANE DOE,
JORGE PACHÓN, MARY JOE, CONJUGAL PARTNERSHIP PACHÓN-JOE,
ANA CARRIÓN, JOHN DOE AND CONJUGAL PARTNERSHIP DOE-
CARRIÓN TO REQUEST DISMISSAL OF THE COMPLAINT**

**TO THE HONORABLE JOSÉ A. FUSTÉ
UNITED STATES DISTRICT CHIEF JUDGE:**

    **COME NOW** Codefendants JANE DOE, JORGE PACHÓN, MARY JOE, CONJUGAL PARTNERSHIP PACHÓN-JOE, ANA CARRIÓN, JOHN DOE and CONJUGAL PARTNERSHIP DOE-CARRIÓN, in their official and personal capacities, <u>without submitting to the Court's jurisdiction</u>, through the undersigned attorney for the sole purposes of this motion as a special appearance, and very respectfully aver and pray as follows:

> "[...][if] service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative, shall dismiss the action[...]."

    Fed R. Civ. P. 4(m).

Case 1:08-cv-00404-RBW   Document 17   Filed 09/18/2007   Page 2 of 8

**MOTION TO DISMISS/LACK OF JURISDICTION** 2
ROSA M. ALEMÁN MARTÍNEZ V. PUERTO RICO FEDERAL AFFAIRS ADMINISTRATION, ET AL.
CIVIL NO. 07-1205(JAF)
_____

## I. INTRODUCTION

On March 12, 2007, Plaintiff in the instant case filed her Complaint against Defendants PUERTO RICO FEDERAL AFFAIRS ADMINISTRATION ("PRFAA"), EDUARDO BATHIA-GAUTIER, JANE DOE, CONJUGAL PARTNERSHIP BATHIA-DOE, JORGE PACHÓN, MARY JOE, CONJUGAL PARTNERSHIP PACHÓN-JOE, ANA CARRIÓN, JOHN DOE and CONJUGAL PARTNERSHIP DOE-CARRIÓN, all in their personal and official capacities. (Docket No. 1).

According to the Docket of the instant case, Plaintiff did execute summonses on behalf of Defendant PRFAA, (Docket No. 4), on May 22, 2007; and on behalf of Defendants Eduardo BATHIA-GAUTIER and CONJUGAL PARTNERSHIP BATHIA-DOE, (Docket No. 5), on May 22, 2007.

Nonetheless, pursuant to the Docket, Plaintiff did not serve summonses within the 120-day period provided in Rule 4 (m) of the Federal Rules of Civil Procedure on behalf of JANE DOE, JORGE PACHÓN, MARY JOE, CONJUGAL PARTNERSHIP PACHÓN-JOE, ANA CARRIÓN, JOHN DOE and CONJUGAL PARTNERSHIP DOE-CARRIÓN, **and neither as to this date, 190 days after filing the complaint**. The record only shows at Docket No. 16, a Motion for extension of time for Service of Process filed by the Plaintiff on August 23, 2007, but said motion was filed **after** the time limit for service provided in Rule 4(m) of the Federal Rules of Civil Procedure had elapsed.

In sum, the Plaintiff has not served Codefendants JANE DOE, JORGE PACHÓN, MARY JOE, CONJUGAL PARTNERSHIP PACHÓN-JOE, ANA CARRIÓN, JOHN DOE and CONJUGAL PARTNERSHIP DOE-CARRIÓN with the summonses required by Fed.

Case 1:08-cv-00404-RBW   Document 17   Filed 09/18/2007   Page 3 of 8

MOTION TO DISMISS/LACK OF JURISDICTION                                                                3
ROSA M. ALEMÁN MARTÍNEZ V. PUERTO RICO FEDERAL AFFAIRS ADMINISTRATION, ET AL.
CIVIL NO. 07-1205(JAF)
_____

R. Civ. P. 4(d)(7), and if she now attempts to serve them, she is certainly out of the 120-day term required by Fed. R. Civ. P. 4(m).

Thus, Codefendants JANE DOE, JORGE PACHÓN, MARY JOE, CONJUGAL PARTNERSHIP PACHÓN-JOE, ANA CARRIÓN, JOHN DOE and CONJUGAL PARTNERSHIP DOE-CARRIÓN now proceed to explain why this Honorable Court should dismiss the instant Complaint, with prejudice, pursuant to the Federal Rules of Civil Procedure.

## II. GROUNDS FOR DISMISSAL

The Codefendants JANE DOE, JORGE PACHÓN, MARY JOE, CONJUGAL PARTNERSHIP PACHÓN-JOE, ANA CARRIÓN, JOHN DOE and CONJUGAL PARTNERSHIP DOE-CARRIÓN GLADYS RIVERA-MEDINA request the dismissal of the instant Complaint on the following ground:

**II.1.** **The procedural background illustrates Plaintiff's failure to serve the summons properly to JANE DOE, JORGE PACHÓN, MARY JOE, CONJUGAL PARTNERSHIP PACHÓN-JOE, ANA CARRIÓN, JOHN DOE and CONJUGAL PARTNERSHIP DOE-CARRIÓN, which justifies the dismissal of the case.**

## III.   THE APPLICABLE STANDARD

**III.1. Service of summons, in general.**

Fed. R. Civ. P. 4(e) provides:

Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United states:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the state; or

Case 1:08-cv-00404-RBW   Document 17   Filed 09/18/2007   Page 4 of 8

MOTION TO DISMISS/LACK OF JURISDICTION                                                4
ROSA M. ALEMÁN MARTÍNEZ V. PUERTO RICO FEDERAL AFFAIRS ADMINISTRATION, ET AL.
CIVIL NO. 07-1205(JAF)
_____

> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

See Fed. R. Civ. P. 4(e).

### III.2. Dismissal of action as provided by Fed. R. Civ. P. 4(m).

Rule 12(b) of the Federal Rules of Civil Procedure allows a defendant, in response to an initial pleading, to file a motion to dismiss the complaint for insufficiency of process and insufficiency of service of process. See Fed. R. Civ. P. 12(b)(4)-(5). "A party filing a motion under Rule 12(b)(4) or Rule 12(b)(5) is essentially contesting the manner in which process or service of process was performed. Therefore, the Court refers to the rules governing service of process." Boateng v. Inter-American Univ. of P.R., 188 F.R.D. 26, at 27 (D.P.R. 1999) (analysis under Fed. R. Civ. Proc. 4(e)); see also Williams v. Jones, 11 F.3d 247, at 251 (1st Cir. 1993); Estates of Ungar ex rel. Strachman v. Palestinian Auth., 153 F. Supp. 2d 76, at 95 (D.R.I. 2001).

Rule 4(m) clearly establishes that "[if] service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative, shall dismiss the action..." Fed R. Civ. P. 4(m). "...Rule 4(m) of the Federal Rules of Civil Procedure provides a time limit for service. When service of the Complaint is not done within the time frame prescribed by Rule 4(m), a dismissal under 12(b)(5) is ... appropriate." Austin v. Spaulding, 2001 WL 345605, at * 2 (D.R.I. 2001) (Not Reported in F.Supp.2d).

Case 1:08-cv-00404-RBW   Document 17   Filed 09/18/2007   Page 5 of 8

**MOTION TO DISMISS/LACK OF JURISDICTION** 5
ROSA M. ALEMÁN MARTÍNEZ V. PUERTO RICO FEDERAL AFFAIRS ADMINISTRATION, ET AL.
CIVIL NO. 07-1205(JAF)

**"Congress intended Rule 4[(m)][1] to force parties to be diligent in prosecuting lawsuits."** In re Dufour, 153 B.R. 853, at 855, (Bankr. D. Minn. May 04, 1993) (*citing* Wei v. Hawaii, 763 F. 2d 370, at 372 (9th Cir. 1985)). **"The lesson to the federal plaintiff lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb."** Id., at 856 (*citations omitted*)(*emphasis added*).

"Furthermore, failure to serve summons is more than a mere technical error. The summons is the means by which the court asserts jurisdiction over the defendant." Id., at 857, (*citations omitted*).

### IV.   DISCUSSION

**IV.1.   The procedural background illustrates Plaintiff's failure to serve the summons properly to JANE DOE, JORGE PACHÓN, MARY JOE, CONJUGAL PARTNERSHIP PACHÓN-JOE, ANA CARRIÓN, JOHN DOE and CONJUGAL PARTNERSHIP DOE-CARRIÓN, which justifies the dismissal of the case.**

The Plaintiff not only failed to serve a copy of the summons and the Complaint personally on the Codefendants JANE DOE, JORGE PACHÓN, MARY JOE, CONJUGAL PARTNERSHIP PACHÓN-JOE, ANA CARRIÓN, JOHN DOE and CONJUGAL PARTNERSHIP DOE-CARRIÓN, but also failed to do so within the time frame-afforded by the Fed. R. Cv. P. 4(m). A study of the procedural background and the docket of the case show this fact.

---

[1] This case refers to the previous Rule 4(j). The current rule is Rule 4(m) as amended on 1999. (See Fed. R.Civ. P. 4(m) Advisory Committee notes on the 1993 amendments of subdivision (m); Dibbs v. Gonsalves, 921 F. Supp. 44 (D.P.R. 1996)).

Case 1:08-cv-00404-RBW   Document 17   Filed 09/18/2007   Page 6 of 8

**MOTION TO DISMISS/LACK OF JURISDICTION**                                                                                6
ROSA M. ALEMÁN MARTÍNEZ V. PUERTO RICO FEDERAL AFFAIRS ADMINISTRATION, ET AL.
CIVIL NO. 07-1205(JAF)
_____

Plaintiff sued the aforementioned Defendants in their official and personal capacities on March 12, 2007. (Docket No. 1). However, she did not serve Codefendants JANE DOE, JORGE PACHÓN, MARY JOE, CONJUGAL PARTNERSHIP PACHÓN-JOE, ANA CARRIÓN, JOHN DOE and CONJUGAL PARTNERSHIP DOE-CARRIÓN GLADYS RIVERA-MEDINA at their place of employment, or at their dwelling house, nor did she serve an agent authorized by appointment or by law to receive service of process on behalf of said Codefendants. See Fed. R. Cv. P. 4(e)(2). The record only shows at Docket No. 16, a Motion for extension of time for Service of Process filed by the Plaintiff on August 23, 2007, but said motion was filed **after** the time limit for service provided in Rule 4(m) of the Federal Rules of Civil Procedure had elapsed. Thus, Plaintiff simply never even tried to serve the appearing Codefendants during the time that she had to do so. See Fed. R. Cv. P. 4(m). See also, Sáez-Rivera, 788 F.2d at 821.

Therefore, dismissal with prejudice should be entered, because "[...][W]hen service of the Complaint is not done within the time frame prescribed by Rule 4(m), a dismissal under 12(b)(5) is … appropriate." Austin, 2001 WL 345605, at * 2.

In consequence, it would not be possible in the instant case to effectuate service of process in compliance with Rule 4(m) of the Federal Rules of Civil Procedure and this Honorable Court should not permit Plaintiff to execute untimely service where there is a total failure to show good cause for said failure and where the term expired an exceedingly long time ago.

As we have discussed above, Plaintiff filed the instant Complaint against the defendants on March 12, 2007. See Docket. No. 1. The term of 120 days for service allowed by Rule 4(m) expired on July 10, 2007, within which term proper service was

Case 1:08-cv-00404-RBW   Document 17   Filed 09/18/2007   Page 7 of 8

**MOTION TO DISMISS/LACK OF JURISDICTION**                                                                 7
ROSA M. ALEMÁN MARTÍNEZ V. PUERTO RICO FEDERAL AFFAIRS ADMINISTRATION, ET AL.
CIVIL NO. 07-1205(JAF)
_____

not effected on the appearing Codefendants in their personal and official capacities. See Benjamin v. Grosnick, 999 F.2d 590, at 591-592 (1st Cir. 1993). 190 days have passed since the filing of the Complaint. (Docket No. 1).

Hence, the present Complaint against Codefendants JANE DOE, JORGE PACHÓN, MARY JOE, CONJUGAL PARTNERSHIP PACHÓN-JOE, ANA CARRIÓN, JOHN DOE and CONJUGAL PARTNERSHIP DOE-CARRIÓN should be dismissed because she was not served with summons personally or by publication within the time-frame allowed by Fed. R. Cv. P. 4 (m).

## IV. CONCLUSION & PRAYER

Service of process was ineffective as per Federal Rule of Civil Procedure 4(m), because the term allowed by said rule expired on July 10, 2007.

Thus, Plaintiff's claims against Codefendants JANE DOE, JORGE PACHÓN, MARY JOE, CONJUGAL PARTNERSHIP PACHÓN-JOE, ANA CARRIÓN, JOHN DOE and CONJUGAL PARTNERSHIP DOE-CARRIÓN warrants the dismissal of the case as to them.

**WHEREFORE**, Codefendants JANE DOE, JORGE PACHÓN, MARY JOE, CONJUGAL PARTNERSHIP PACHÓN-JOE, ANA CARRIÓN, JOHN DOE and CONJUGAL PARTNERSHIP DOE-CARRIÓN respectfully request that this Honorable Court grant the present motion and dismiss the instant action against them, with prejudice.

**I HEREBY CERTIFY** that on this date I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system, which will send a notification of such filing to the following: Arturo Luciano Delgado, Esq., 1055 J.F. Kennedy Ave., PH. 2A,

Case 1:08-cv-00404-RBW   Document 17   Filed 09/18/2007   Page 8 of 8

**MOTION TO DISMISS/LACK OF JURISDICTION** 8
ROSA M. ALEMÁN MARTÍNEZ V. PUERTO RICO FEDERAL AFFAIRS ADMINISTRATION, ET AL.
CIVIL NO. 07-1205(JAF)
_____

San Juan, Puerto Rico, 00920.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 18th day of September, 2007.

**ROBERTO SÁNCHEZ RAMOS**
Secretary of Justice

**VIVIAN GONZÁLEZ MÉNDEZ**
Deputy Secretary of Justice
In Charge of Litigation

**VANESA VICÉNS SÁNCHEZ**
U.S.D.C. No. 217807
Director of Legal Affairs
General Litigation Office
Unit 1
vvicens@justicia.gobierno.pr

**S/ Iris Alicia Martínez Juarbe**
**IRIS ALICIA MARTÍNEZ JUARBE**
U.S.D.C. No. 216505
General Litigation Office
Unit 1
Department of Justice
P.O. Box 9020192
San Juan, P.R., 00902-0192
Tel. (787) 721-2900, ext. 2243
Fax (787) 725-2475
imartinez@justicia.gobierno.pr

**MOTION TO DISMISS/LACK OF JURISDICTION**
ROSA M. ALEMÁN MARTÍNEZ V. PUERTO RICO FEDERAL AFFAIRS ADMINISTRATION, ET AL.
CIVIL NO. 07-1205(JAF)

8