1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO

3    ROSA M. ALEMÁN MARTÍNEZ,
4
5         Plaintiff,                    Civil No. 07-1205 (JAF)

6         v.

7    PUERTO RICO FEDERAL AFFAIRS
8    ADMINISTRATION, et al.,
9
10        Defendants.


11                    **OPINION AND ORDER**

12        Plaintiff Rosa M. Alemán Martínez brings this action against

13   Defendants Puerto Rico Federal Affairs Administration ("PRFAA");

14   Eduardo Bhatia Gautier, his wife Jane Doe, and their conjugal

15   partnership; Jorge Pachón, his wife Mary Doe, and their conjugal

16   partnership; and Ana Carrión, her husband John Doe, and their

17   conjugal partnership, alleging violations of Plaintiff's rights

18   under the United States Constitution, Title VII of the Civil Rights

19   Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 (2006),

20   and the Constitution and laws of Puerto Rico. Docket Document No. 2.

21   Plaintiff, a former PRFAA employee, alleges that Defendants

22   subjected her to sexual harassment and terminated her employment on

23   the basis of sex. Id. Defendants move for a transfer of venue to

24   the District of Columbia. Docket Document No. 8.

25        PRFAA is an agency responsible for representing the

26   Commonwealth of Puerto Rico in the United States. Docket Document

27   No. 2. All of the events at issue in this action took place at

Civil No. 07-1205 (JAF)                                                    -2-

1    PRFAA's offices, which are located in Washington, D.C. Id.
2    Plaintiff's employment records are also located in Washington, D.C.
3    See Docket Document Nos. 8, 15.

4        Plaintiff filed a complaint in the District of Puerto Rico on
5    March 12, 2007. Docket Document No. 1. On July 6, 2007, Defendants
6    PRFAA and Bhatia moved to transfer venue to the District of
7    Columbia, Docket Document No. 8, and to stay proceedings pending our
8    resolution of the motion, Docket Document No. 9. Plaintiffs opposed
9    on August 17, 2007. Docket Document No. 15. Defendant Pachón joined
10   the pending motions on December 13, 2007, Docket Document No. 33,
11   and Defendant Carrión joined the motions on February 21, 2008,
12   Docket Document No. 40.

13       Defendants argue that we should transfer venue to the District
14   of Columbia for the convenience of the parties and witnesses,
15   pursuant to 28 U.S.C. § 1404(a) (2006).[1] Docket Document No. 8. We
16   find, instead, that a transfer of venue is appropriate pursuant to
17   28 U.S.C. § 1406(a), because venue in this district is improper
18   under the venue provisions of Title VII, 42 U.S.C. § 2000e-5(f)(3).[2]

19

_____

[1] Section 1404(a) provides that "[f]or the convenience of parties and
witnesses, in the interest of justice, a district court may transfer any
civil action to any other district or division where it might have been
brought." 28 U.S.C. § 1404(a).

[2] Section 1406(a) provides that when a party files a case in a
district where venue is improper, the district court "shall dismiss, or
if it be in the interest of justice, transfer such case to any district
or division in which it could have been brought." 28 U.S.C. § 1406(a).

Civil No. 07-1205 (JAF)                                                    -3-

1        Under Title VII, venue is proper in either (1) any judicial

2    district in the state where the unlawful employment practice

3    allegedly occurred; (2) the judicial district where the relevant

4    employment records are maintained and administered; or (3) the

5    judicial district in which the aggrieved party would have worked but

6    for the alleged unlawful employment practice. 42 U.S.C. § 2000e-

7    5(f)(3); Román Martínez v. Potter, 383 F. Supp. 2d 300, 303 (D.P.R.

8    2005). All three prongs of this test provide for venue in the

9    District of Columbia. Plaintiff's termination and alleged sexual

10   harassment took place at PRFAA's offices in Washington, D.C. Docket

11   Document No. 2. The relevant employment records are also located

12   in Washington, D.C. See Docket Document Nos. 8, 15. Finally,

13   Plaintiff would have continued to work for PRFAA in Washington,

14   D.C., but for Defendants' alleged discrimination. We find,

15   therefore, that venue in this case is proper only in the District

16   of Columbia.

17       Accordingly, we **GRANT** Defendants' motion to transfer venue,

18   Docket Document No. 8. The Clerk of the Court is directed to

19   transfer this action to the United States District Court for the

20   District of Columbia. We **DENY** Defendants' motion to stay, Docket

21   Document No. 9, as moot.

22       **IT IS SO ORDERED.**

23       San Juan, Puerto Rico, this 28th day of February, 2008.

24                                    s/José Antonio Fusté
25                                    JOSE ANTONIO FUSTE
26                                    Chief U.S. District Judge